IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| GATE PRECAST COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21cv20065 |
| | ) |
| SUFFOLK CONSTRUCTION COMPANY, | ) |
| INC., FEDERAL INSURANCE COMPANY, | ) |
| FIDELITY AND DEPOSIT COMPANY OF | ) |
| MARYLAND, and LIBERTY MUTUAL | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendants. | ) |

**COMPLAINT FOR DAMAGES**

Plaintiff, GATE PRECAST COMPANY ("Gate"), through its undersigned counsel, hereby files this Complaint for damages against Defendants SUFFOLK CONSTRUCTION COMPANY, INC. ("SCCI"), FEDERAL INSURANCE COMPANY ("Federal"), FIDELITY AND DEPOSIT COMPANY OF MARYLAND ("Fidelity"), and LIBERTY MUTUAL INSURANCE COMPANY ("Liberty," collectively with Federal and Fidelity as the "Sureties"), and shows the Court as follows:

**THE PARTIES**

1. Plaintiff Gate is a Florida corporation with its headquarters and principal place of business located in Jacksonville, Florida.

2. Defendant SCCI is a Massachusetts corporation with its headquarters and principal place of business located in Boston, Massachusetts. SCCI is authorized to carry out business in the State of Florida, and it may be served with this lawsuit through service on its registered agent, CT Corporation System, at 1200 South Pine Island Road, Plantation FL 33324.

3. Defendant Federal is an Indiana corporation with its headquarters in Warren, New Jersey and its principal address on record with the Florida Division of Corporations located in Indianapolis, Indiana. Federal is authorized to carry out business in the State of Florida, and it may be served with this lawsuit through service on the Chief Financial Officer of Florida, 200 East Gaines Street, Tallahassee, Florida 32399.

4. Defendant Fidelity is an Illinois corporation with its headquarters and principal address located in Schaumburg, Illinois. Fidelity is authorized to carry out business in the State of Florida, and it may be served with this lawsuit through service on the Chief Financial Officer of Florida, 200 East Gaines Street, Tallahassee, Florida 32399.

5. Defendant Liberty is a Massachusetts corporation with its headquarters and principal place of business located in Boston, Massachusetts. Liberty is authorized to carry out business in the State of Florida, and it may be served with this lawsuit through service on the Chief Financial Officer of Florida, 200 East Gaines Street, Tallahassee, Florida 32399.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) based on diversity of citizenship and the fact that the amount in controversy in this matter exceeds $75,000, exclusive of costs, attorneys' fees, and interest.

7. This Court has personal jurisdiction over all Defendants by virtue of the fact that all Defendants are conducting, engaging in, and carrying on business in the State of Florida.

8. Venue in this District is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims raised herein occurred within this judicial district.

## FACTS

9. This case involves a construction project (the "Project") known as "All Aboard Florida – Miami Terminal."

10. The Project was for the construction of a mixed-use passenger train station in Miami, Florida to serve the All Aboard Florida rail network – also known as Brightline – to connect Miami with Fort Lauderdale, West Palm Beach, and, eventually, Orlando.

11. SCCI entered into a contract with All Aboard Florida – Operations LLC, to serve as the general contractor for the Project.

12. As part of its obligations under the contract with the owner, SCCI procured a Payment Bond.

13. The Payment Bond listed SCCI as "Principal," All Aboard Florida Operations, LLC, as "Obligee" and Fidelity, Liberty, and Federal collectively as "Surety." A true and correct copy of the Payment Bond is attached hereto as **Exhibit "A."**

### Gate's Role on the Project

14. Gate is Florida-based, family-owned precast concrete company.

15. "Precast" refers to concrete pieces used in construction that are cast and cured off-site in a controlled environment (*i.e.*, a factory) as opposed to being poured onsite. "Architectural" precast refers to precast components of a project that are used to achieve a certain visual effect and do not provide structural support. Architectural precast is frequently used on the façade of a building.

### The Subcontract

16. On or about February 19, 2016, Gate entered into a subcontract agreement with SCCI to provide and erect architectural precast components of the Project (the "Subcontract"). A

true and correct copy of this Subcontract, along with an executed Amendment, is attached hereto as **Exhibit "B"** and is incorporated herein by reference.

17. Gate fully performed its obligations under the Subcontract.

18. Gate performed its obligations under the Subcontract fully and correctly.

19. Gate's work under the Subcontract was accepted by the Owner and by SCCI.

20. After accounting for change orders, the final value for the Subcontract for Gate's work was $6,750,000.

21. Despite Gate's successful completion of the Work, Gate has not been paid in full for the work it performed on the Project.

22. To date, Gate has been paid $6,346,843.87 by SCCI.

23. Gate is still owed $403,156.13.

24. Gate has demanded payment from SCCI and the Sureties, but neither SCCI nor the Sureties has paid Gate the amount it is owed.

25. Gate has performed all necessary conditions precedent to recovery, or such conditions have been waived or otherwise excused.

### COUNT ONE – BREACH OF CONTRACT (SUFFOLK)

26. Gate incorporates the allegations in paragraphs 1 through 25 as if fully set forth herein.

27. SCCI breached the Subcontract materially by failing to pay Gate in full for Gate's work on the Project.

28. In total, due to SCCI's breaches of the Subcontract, Gate is owed at least $403,156.13.

29. Gate is entitled to a recovery of prejudgment interest on the amount it is owed at

the legal rate of interest in Florida from the date that Gate suffered the losses identified herein as flowing directly from SCCI's multiple breaches of contract.

30. Pursuant to the Subcontract in Section 8.16, the prevailing party in this litigation is entitled to an award of its reasonable attorneys' fees, expert consultation fees, and costs incurred.

WHEREFORE, Plaintiff Gate respectfully requests that this Court enter judgment against Defendant SCCI in an amount of not less than $403,156.13, that Gate be awarded prejudgment interest and post-judgment interest as provided by law, that it be awarded its attorneys' fees, expert consultation fees, and costs incurred as the prevailing party in this matter pursuant to the Subcontract, and that it receives all other such recovery as this Court deems just and appropriate under the circumstances.

**COUNT II – ACTION ON PAYMENT BOND PURSUANT TO § 713.23, FLA. STAT.**

31. Gate hereby incorporates by reference the allegations in paragraphs 1 through 30 as if fully set forth herein.

32. Gate's last day of work on the Project was January 7, 2020.

33. The amount that Gate is owed on this Project, $403,156.13, is less than 10% of Gate's total, final contract amount and represents nonpayment of retainage.

34. Since the unpaid amount is retainage, Gate is not required to serve a notice of nonpayment under § 713.23(d), Fla. Stat.

35. Gate is owed a total of $403,156.13 for its work on the Project for which it has not been paid.

36. Despite Gate being entitled to payment, the Sureties and SCCI have failed and refused to pay Gate for its work under the Subcontract.

37. Gate is entitled to recover on the Payment Bond pursuant to § 713.23, Fla. Stat., for

the Work under the Subcontract for which Gate has not been paid.

38. Gate is entitled to a recovery of prejudgment interest on the amount it is owed at the legal rate of interest in Florida from the date that Gate suffered the losses identified herein as flowing directly from SCCI's multiple breaches of the Subcontract.

39. Pursuant to § 713.29, Fla. Stat., Gate is entitled to recover its attorneys' fees and costs incurred in pursuit of this matter.

WHEREFORE, Plaintiff Gate respectfully requests that this Court enter judgment against all Defendants jointly and severally in an amount of not less than $403,156.13, that Gate be awarded prejudgment interest and post-judgment interest as provided by law, that it be awarded its attorneys' fees and costs incurred as the prevailing party pursuant to § 713.29, Fla. Stat., and that it receives all other such recovery as this Court deems just and appropriate under the circumstances.

This 6th day of January, 2021.

/s/ Anthony D. Lehman
Anthony D. Lehman
Florida Bar No. 0032917

**HUDSON PARROTT WALKER, LLC**
3575 Piedmont Road
Building 15, Suite 850
Atlanta, Georgia 30305
Telephone:   (678) 701-2860
Facsimile:    (404) 554-8171
Email:            ALehman@HPWLegal.com

ATTORNEYS FOR PLAINTIFF
GATE PRECAST COMPANY

6